**Shunte JOHNSON, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. 1:00–CV–735.**

United States District Court, E.D. Texas, Beaumont Division.

May 8, 2002.

Christopher Scott Smith, Bush Lewis & Roebuck, Beaumont, TX, for plaintiff.

Karen Lee Spivey, Pate & Dodson, Beaumont, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

This is a malicious prosecution case wherein the plaintiff's criminal trial was dismissed due to a faulty information after jeopardy had attached. Defendant has brought a Motion for Summary Judgment (doc. # 22), and the plaintiff has brought a Motion to Strike (doc. # 23) defendant's summary judgment evidence. Upon review of the motions and responses on file, this court is of the opinion that plaintiff's Motion to Strike is MOOT and defendant's Motion for Summary Judgment should be GRANTED.

### I. Factual and Procedural Synopsis

In April of 1999, Shunte Johnson ("Johnson") was employed as a checker by defendant Wal–Mart Stores, Inc. ("Wal–Mart"). On the twelfth of that month, two or three customers attempted to leave the store with unpaid for merchandise, were stopped, and required to pay for the merchandise before leaving. Johnson was the Wal–Mart employee who had helped the customers at the register.

On April 13, 1999, the following day, Charlotte Myers, the manager present during the preceding event, informed James Thomas, the In–Store Loss Prevention Specialist, that Johnson may have undercharged two customers for merchandise by not scanning certain items. Both Thomas and Myers then viewed a surveillance video of the event in question. After this viewing, Thomas contacted his district supervisor, Victor Tumlinson, who subse-

quently viewed the video tape. On April 28, Tumlinson interviewed Johnson. At the end of the interview, Tumlinson terminated Johnson for theft.

The next day, April 29, 1999, Thomas filed a complaint with the Beaumont Police Department against Johnson. After watching the video and interviewing Thomas, Tumlinson, and an assistant manager, the investigating officer, Joe Hebert, prepared a probable cause affidavit and submitted the case to the district attorney's office. After this meeting at the police station, the videotape was lost. Thomas testified that the video tape was left with Officer Hebert. Officer Hebert testified that he thought one of the Wal–Mart employees took the video. There are no copies of the tape and no record of whom last possessed the tape.

District Attorney Sabra Longoria filed a criminal information against Johnson and proceeded with the trial. After jeopardy had attached, Jefferson County Judge John Paul Davis found a fatal flaw in the information because it alleged that Johnson had taken money, not merchandise. Although a new trial could not be brought, Prosecutor Longoria testified that she would have brought another trial if it had been possible.

Johnson initiated this suit for malicious prosecution in Jefferson County District Court and Wal–Mart removed based on diversity jurisdiction.

## II. Analysis

### Summary Judgment Standard

A court should grant summary judgment when "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material if it might affect the outcome of a case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue exists when, in the context of the entire record, a reasonable fact-finder could return a verdict for the non-movant. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885–86, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 478, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir. 1994). However, this favorable presumption for the non-movant exists only when the non-movant presents an actual controversy of fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).

### Motion to Strike Summary Judgment Evidence

Plaintiff petitions the court to strike all evidence relating to the surveillance tape under the best evidence doctrine. Federal Rule of Evidence 1002 states: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required." However, Federal Rule of Evidence 1004 states: "The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if . . . [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith." Therefore, if Wal–Mart lost the tape in bad faith, other evidence of the contents of the tape cannot be submitted.

Plaintiff has correctly alleged that the tape has been lost and that there is a fact issue as to who lost the videotape. However, less convincing is plaintiff's assertion Wal–Mart lost the tape in bad faith. Because there is sufficient evidence to resolve

the Motion for Summary Judgment without using any evidence as to the contents of the tape, a bad faith determination is not necessary.

The following is an excerpt from the deposition of Prosecutor Longoria.

Q. Okay. And unfortunately is it-is it common or uncommon for a tape to-to be misplaced?

A. It's too common, unfortunately.

Q. Okay. It has happened in the past in other cases that you've been involved in?

A. Yes.

Q. Okay. Regardless of the tape and what you were told about the tape-or let me ask you: Did the fact that there was a videotape enter into your decision as to whether or not there was probable cause to prosecute Ms. Johnson for this-this theft?

A. No. Clearly you'd like to have that videotape, but even without it we still had the evidence. You had eyewitness accounts. You had the actual cash register receipts from the date of the offense and the specific time of the offense; so, there was more than enough evidence to present to a jury.

. . . .

Q. Okay. So, even whether or not a videotape had existed, did you feel there was probable cause to charge her-and prosecute her for the theft of crime–

A. Yes.

Deposition of Sabra Longoria, p. 34–35.

The defendant's Motion for Summary Judgment can be resolved based on the undisputed facts and circumstances of this case. It is not necessary to further examine plaintiff's Motion to Strike because there is sufficient evidence, without resorting to proof of the contents of the videotape, in order to rule upon the defendant's motion. However, the fact the court is not going to consider the contents of the video, does not prevent the court from considering the fact that the individuals watched the video. For example, in analyzing the issue of probable cause, this court may consider the action the individuals took in watching the video without considering the contents of the video. Therefore, because this court will not consider the contents of the surveillance tape in reaching its decision on the Motion for Summary Judgment, this court finds that the plaintiff's Motion to Strike is Moot.

## Malicious Prosecution

 Under Texas law, a plaintiff must prove the following seven elements to recover in a malicious prosecution case: 1) commencement of a criminal prosecution against the plaintiff, 2) causation of the action by the defendant, 3) termination of the prosecution in the plaintiff's favor, 4) the plaintiff's innocence, 5) the absence of probable cause for the proceedings, 6) malice in filing the charge, and 7) damage to the plaintiff. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 586 (5th Cir.1999), *citing Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex.1997). There is an initial presumption in malicious prosecution cases that the defendant acted in good faith and had probable cause to initiate the proceedings. *Richey*, 952 S.W.2d at 517. Wal–Mart claims Johnson has failed to show an absence of probable cause or that there was any malice in the filing of the charge. Additionally, although it was not raised by the defendant, this court would question whether a dismissal under the circumstances of this case would constitute a termination of the prosecution in the plaintiff's favor. *See Ellis v. Sinton Sav. Assn.*, 455 S.W.2d 834, 842 (Tex.Civ.App.-Corpus Christi 1970, writ ref'd n.r.e.) (holding the dismissal of the criminal complaint on a motion by the accused is not considered a termination of

the prosecution in the plaintiff's favor for purposes of a malicious prosecution claim). Plaintiff claims that she has established both lack of probable cause and malice on the part of Wal–Mart.

██ Probable cause is defined as "the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor [complainant], that the person charged was guilty of the crime for which he was prosecuted." *Brown v. Nationsbank,* 188 F.3d 579, 586 (5th Cir. 1999); *Richey,* 952 S.W.2d at 517. The probable-cause determination looks at whether a reasonable person would believe a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted. *Richey,* 952 S.W.2d at 517. "If the facts necessary to instigate a criminal prosecution are in dispute, the issue of probable cause is a mixed question of law and fact to be resolved by a jury." *Brown,* 188 F.3d at 586. However, if the facts underlying the decision to prosecute are not in dispute, then the question of probable cause is a question of law to be decided by the court. *Id.; Richey,* 952 S.W.2d at 518. While there are disputed facts in this case, none are material to the resolution of defendant's motion. Therefore, because there are sufficient undisputed facts underpinning the decision to prosecute to resolve the question of probable cause, this is a matter of law to be decided by this court.

The initial presumption that the defendant acted reasonably and in good faith and had probable cause to initiate proceedings disappears once a plaintiff produces evidence that the motives, grounds, beliefs, and other evidence upon which the defendant acted did not constitute probable cause. *Richey,* 952 S.W.2d at 518. The

burden then shifts to the defendant to offer proof of probable cause. *Id.* In this case, Johnson has not produced evidence that Wal–Mart acted without probable cause.

The Wal–Mart employees acted on facts that would make a reasonable person believe a crime had been committed. Customers tried to leave the store with unpaid for merchandise. The merchandise did not appear on their receipt. Johnson had been the cashier who had helped the customers at the register. The incident was reported to a security manager, Mr. Thomas, who interviewed the employees who had stopped the customers, examined the receipt, and watched a video of the incident. He then contacted his supervisor, Mr. Tumlinson, who advised him to watch Johnson until he could make it to the store location. Mr. Tumlinson examined the receipt, interviewed the employees, watched the video, and interviewed Johnson before firing her for theft. After the preceding events, the police were contacted. Officer Hebert also conducted an investigation of the incident, including interviewing the Wal–Mart employees and watching the videotape. Although Hebert was not an employee of Wal–Mart, nor can his opinion be ascribed to the Wal–Mart employees, it is illustrative of the conclusion someone would make based upon the facts and circumstances of this case. The following is an excerpt from his deposition.

Q. And even as you sit here today, do you feel that there was enough reason to present this case to the district attorney?

A. I believe there was enough probable cause to send it to the district attorney.

Q. Even today?

A. Yes.

Deposition of Joe Hebert, p. 22.

██ Additionally, Prosecutor Longoria unequivocally testified she felt probable

cause existed, and would have re-prosecuted Johnson had not double jeopardy attached. Further, the court notes that despite protests from the plaintiff that the incident may have been a mistake, in malicious prosecution cases, the complainant's failure to make a further investigation into the suspect's state of mind does not constitute lack of probable cause if all objective elements of a crime reasonably appear to have been completed. *Richey,* 952 S.W.2d at 518. Wal–Mart does not have to prove the guilt of Johnson, it simply has to show the facts and circumstances of this case would have excited the belief of a reasonable person that a crime had been committed. *Brown,* 188 F.3d at 586. In consideration of the above undisputed facts, the process which was followed, and the testimony of Officer Hebert and Prosecutor Longoria, this court finds the Wal–Mart employees had a reasonable belief a crime had been committed. Therefore, Wal–Mart did not act without probable cause.

In its Motion for Summary Judgment, the defendant disputes the existence of two of the seven elements of a malicious prosecution claim. Wal–Mart alleges that there was probable cause, and that it did not act with malice. Obviously, when a claim requires that a plaintiff prove seven elements, and she fails to prove one, it is not necessary to further evaluate the existence of the other elements. Therefore, while this court would probably find the malice element controlling by itself, there is no need to address the lack of proof the plaintiff has offered as to Wal–Mart's malice towards her in the handling of the incident.

The plaintiff has failed to offer any proof of an essential element to her malicious prosecution claim. She has failed to show that Wal–Mart acted without probable cause. Indeed, the undisputed facts show, as a matter of law, that Wal–Mart acted with probable cause. Therefore, summary judgment should be granted for the defendant.

### III. Conclusion

For the forgoing reasons, it is therefore the opinion of this court that plaintiff's Motion to Strike is MOOT and that defendant's Motion for Summary Judgment should be GRANTED. Accordingly, it is

ORDERED, that plaintiff Shunte Johnson's Motion to Strike is DENIED as MOOT, and it is further

ORDERED, the defendant Wal–Mart Stores' Motion for Summary Judgment is GRANTED, and it is further

ORDERED, that this case is closed.